UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER PAGE,

        Plaintiff,

    v.

PIERCE COUNTY FIFE POLICE
DEPARTMENT, *et al.*,

        Defendants.

Case No. C08-5381 FDB/KLS

ORDER DIRECTING PLAINTIFF
TO FILE AMENDED
COMPLAINT

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint in which he purports to sue Officers Voltech and Ringer of the Fife Police Department and Detective Curtis Wright of the Pierce County Sheriff's Department pursuant to 42 U.S.C. § 1983. (Dkt. # 5). The court finds that Plaintiff's complaint suffers from a number of deficiencies, but before recommending that the complaint be dismissed for failure to state a claim, Plaintiff will be granted leave to attempt to cure these deficiencies by filing an amended complaint.

**I. DISCUSSION**

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct

ORDER
Page - 1

1 deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United
2 States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474
3 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these
4 elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S.
5 1020 (1986).

**A.   Naming Proper Defendants**

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the Pierce County Sheriff's Department and the Fife Police Department, are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although Plaintiff has included individually named defendants, it is unclear from his filing whether Plaintiff is also attempting to sue the Pierce County and/or Fife Police Departments. (Dkt. # 1-2, p. 3). To the extent that Plaintiff seeks to these entities, he has not stated a claim under 42 U.S.C. § 1983. Plaintiff can only bring his claims against people who participated in depriving him of a constitutionally protected right.

**B.   No Claim of Physical Injury - Claims Must be Dismissed**

In addition, pursuant to 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42

U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).  Plaintiff seeks damages for emotional distress (Dkt. # 1-2, p. 4), but makes no allegation that he has suffered any physical injury. Therefore, he must file an amended complaint which contains facts that meet the requirement of showing a physical injury which supports his claim for mental or emotional injury.

**C.     Claims of Criminal Wrongdoing**

Plaintiff also purports to sue the named defendants for "felony kidnapping," "felony police misconduct," and "tampering with a district court witness."  To the extent Plaintiff seeks to have the court impose state criminal charges against the named defendants, these are not cognizable causes of action under 42 U.S.C. § 1983 and cannot be included in any amended complaint.

**D.     Retailation**

To the extent Plaintiff seeks to state a claim of retaliation, he is advised that a claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994).   This requires only a demonstration that defendants "*intended* to interfere with [Plaintiff's] First Amendment rights."  *Mendocino Env'l Ctr.*, 14 F.3d at 464 (emphasis added).

Thus, Plaintiff must allege factual allegations to support his claim that he was engaged in protected First Amendment activity, including factual allegations of what adverse action the defendant or defendants engaged in that deterred or chilled Plaintiff's exercise of his First Amendment rights.

**E.     Excessive Force**

Finally, Plaintiff purports to bring a claim of "police brutality."  (Dkt. # 1-2, p. 5).  Plaintiff is advised that it is only "'the unnecessary and wanton infliction of pain' . . . [which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *citing Ingram v. Wright*, 430 U.S. 651 (1977).  "[T]he question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing

harm.'" *Whitley*, 475 U.S. at 320-321.

Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*; whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1 (1992). There is no need for a showing of a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9. Because the use of force relates to the prison official's legitimate interest in maintaining security and order, the court must be deferential when reviewing the necessity of using force. *See Whitley*, 475 U.S. at 321-22.

Therefore, Plaintiff should allege facts discussing the circumstances constituting the unnecessary and wanton infliction of harm by the defendant(s) which resulted in his injury or injuries.

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an amended complaint, entitled "Amended Complaint," on or before **July 31, 2008**, alleging facts showing how individually named defendant or defendants caused or personally participated in depriving him of a constitutional right. The Amended Complaint will act as a complete substitute for all previously filed complaints in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners; and

2. Plaintiff is further directed to provide the Court with service copies of the Amended Complaint and completed service forms for each named defendant so that the U.S. Marshal may attempt service by mail upon the named defendants. These documents must be returned to the Court on or before **July 31, 2008**, or the Court will recommend dismissal of this action for failure to prosecute.

DATED this   30th   day of June, 2008.

Karen L. Strombom
United States Magistrate Judge