UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER PAGE,

        Plaintiff,

v.

PIERCE COUNTY FIFE POLICE DEPARTMENT, *et al.*,

        Defendants.

Case No. C08-5381 FDB/KLS

SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court granted Plaintiff leave to amend his proposed civil rights complaint to cure several deficiencies. Before the Court is Plaintiff's proposed amended complaint, which suffers from similar deficiencies. The Court will again grant Plaintiff leave to amend his complaint in an attempt to cure these deficiencies before it recommends that this action be dismissed with prejudice prior to service with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was granted leave to proceed *in forma pauperis* on July 2, 2008. (Dkt. # 6). The Court reviewed Plaintiff's proposed civil rights complaint (Dkt. # 7) and on July 2, 2008, the Court directed Plaintiff to file an amended complaint. (Dkt. # 8). In his original proposed complaint, Plaintiff purported to

sue Officers T. Voltech and J. Ringer of the Fife Police Department and Curtis Wright of the Pierce County Sheriff's Department. *Id*., p. 1. Plaintiff asserted claims of felony kidnaping, felony police misconduct, felony retaliation, police brutality and tampering with a district court witness, and sought emotional distress damages in the sum of five million dollars. *Id*., pp. 5-6. Plaintiff alleged, *in alia*, that on January 25, 2008, he was falsely arrested by Detective Wright for failure to register as a sex offender, that he was the victim of retaliation, he was forced into taking a plea, and that the police used excessive force against him. *Id*.

As Plaintiff sought damages for emotional distress, but made no allegation that he suffered any physical injury, Plaintiff was advised that he must amend his complaint to allege facts that meet the requirement of showing a physical injury which supports his claim for mental or emotional injury, pursuant to 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (PLRA). (Dkt. # 8, pp. 2-3). Plaintiff was advised that claims to impose criminal charges of "felony kidnapping," "felony police misconduct," and "tampering with a district court witness," were not cognizable causes of action under 42 U.S.C. § 1983 and should not be included in any amended complaint. *Id*., p. 3. Plaintiff was further advised as to the elements of a claim for retaliation and that he must allege factual allegations to support his claim that he was engaged in protected First Amendment activity, including factual allegations of what adverse action the defendant or defendants engaged in that deterred or chilled Plaintiff's exercise of his First Amendment rights. *Id*., p. 3. Plaintiff was also advised that, in order to bring a claim for excessive force under the Eighth Amendment, he would be required to allege facts discussing the circumstances constituting the unnecessary and wanton infliction of harm by the defendant(s) which resulted in his injury or injuries. *Id*., pp. 3-4. The Court granted Plaintiff additional time, until July 31, 2008, to file an amended complaint.

In his proposed Amended Complaint, Plaintiff now names Toby Volkman and Jake Stringfellow of the Fife Police Department as defendants. (Dkt. # 9, pp. 2-3). Plaintiff alleges that the defendants executed an unlawful warrant against him, called a Department of Corrections field officer to execute an unreasonable search of his residence in order to harass him, kidnaped him from his residence, and used excessive force against him. *Id*., pp. 4-5. Plaintiff alleges that he suffered emotional distress and pain and suffering and seeks damages in the amount of five million dollars. *Id*., p. 5.

## II. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

**A.    No Claim of Physical Injury - Claims Must be Dismissed**

Pursuant to 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). Plaintiff seeks damages for emotional distress (Dkt. # 9, p. 5), but makes no allegation that he has suffered any physical injury. Therefore, he must file an amended complaint which contains facts that meet the requirement of showing a physical injury which supports his claim for mental or emotional injury.

**B.    Excessive Force**

Plaintiff purports to bring a claim of "police brutality." (Dkt. # 9, p. 5). Plaintiff is advised that it is only "'the unnecessary and wanton infliction of pain' . . . [which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *citing Ingram v. Wright*, 430 U.S. 651 (1977). "[T]he question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley*, 475 U.S. at 320-321.

Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*; whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1 (1992). There is no need for a showing of a serious injury as a

result of the force, but the lack of such an injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9. Because the use of force relates to the prison official's legitimate interest in maintaining security and order, the court must be deferential when reviewing the necessity of using force. *See Whitley*, 475 U.S. at 321-22.

Plaintiff has included only the conclusory statement in his proposed complaint that Officer Volkman executed the "use of Excessive Force in which constituted a significant injury and a Unnecessary Wanton infliction of Pain." (Dkt. # 9, p. 5). Plaintiff has not alleged any facts setting forth how Officer Volkman harmed him, how the force he used was excessive and what injury Plaintiff suffered as a consequence. All of these allegations are necessary to state a claim for excessive force.

**C.     Claims Related to May 27, 2008 Unlawful Search and Arrest**

Plaintiff alleges that Officers Volkman and Stringfellow executed an unlawful and unreasonable search of his residence and "kidnaped" him from his residence from a hotel, in violation of his Fourth and Fifth Amendment rights. (Dkt. # 9, p. 4). However, it is not clear from Plaintiff's pleading whether he was subsequently detained and the present status of any charges against him.[1]

Plaintiff must show cause why his claims relating to the execution of the warrant and "kidnaping" should not be dismissed by providing the Court with an explanation of the status of any charges against him because, in order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Plaintiff also appears to challenge the propriety of warrants for an ongoing state court criminal case for possession of drugs, dealing drugs and/or violation of probation. (*See* Dkt. # 7, p. 10). To the extent Plaintiff seeks to challenge the propriety of charges filed or the legality of warrants issued in a state

---

[1]In his first proposed complaint, Plaintiff included additional allegations from which it might be inferred that Plaintiff was released without being charged. (Dkt. # 7, p. 12). However, Plaintiff's allegations are not clear and the amended complaint supersedes his previous pleading in its entirety.

ORDER
Page - 4

court, federal courts will generally not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45- 46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied,* 116 S.Ct. 49 (1995); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987).

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an amended complaint, entitled "Amended Complaint," on or before **September 12, 2008**, alleging facts showing how individually named defendant or defendants caused or personally participated in depriving him of a constitutional right. Plaintiff is reminded that the Amended Complaint will act as a complete substitute for all previously filed complaints in this action, so that he must allege all facts and include all exhibits to the Amended Complaint. The Court will not refer to earlier filed complaints. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners;

2. Plaintiff shall provide an explanation as to the status of the warrants and the criminal case or cases against him as they relate to his claims in this case against Defendants Volkman and Stringfellow; and

3. Plaintiff is further directed to provide the Court with service copies of the Amended Complaint and completed service forms for each named defendant so that the U.S. Marshal may attempt service by mail upon the named defendants. These documents must be returned to the Court on or before **September 12, 2008**, or the Court will recommend dismissal of this action with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

DATED this 19th day of August, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 5